UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08 JAN 28 AM 10:39

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**Martin De La ROSA**<br>Defendant. | Magistrate Case No. '08 MJ 0239<br>COMPLAINT FOR VIOLATION OF<br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation |

The undersigned complainant being duly sworn states:

On or about **January 26, 2008**, within the Southern District of California, defendant **Martin De La ROSA**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **Otay Mesa Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Claudia Rios, U.S. Customs and Border
Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **28TH** DAY OF **JANUARY 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Eric M. Velazquez, declare under penalty of perjury the following to be true and correct:

On 01/26/2008 at about 0004 hours Martin De La Rosa (Defendant) attempted to enter the United States from Mexico through the Otay Mesa Port of Entry as a passenger in a white 2003 Cadillac Escalade. Defendant presented a U.S Department of Justice Permanent Resident Card bearing his name and photograph to a Customs and Border Protection (CBP) Officer. The driver of the vehicle gave a negative Customs declaration to the CBP Officer and stated they were going to Los Angeles, CA. The CBP Officer performed a routine name query on Defendant and was alerted to a computer generated referral. The CBP Officer subsequently escorted the vehicle and all its occupants to secondary.

In secondary, it was determined that Defendant is a citizen of Mexico with no entitlements to enter or reside in the United States. Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS). IAFIS linked Defendant to FBI and Immigration Service records.

Immigration Service records to include Deportable Alien Control System (DACS) identify Defendant as a deported alien. DACS information indicates that on or about January 22, 2008 an Immigration Judge ordered Defendant deported to Mexico and Defendant was physically removed from the United States through the Nogales Port of Entry on or about January 22, 2008. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

On 01/26/2008 at about 0530 hours during a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico by birth in Ciudad Juarez, Chihuahua. Defendant admitted he does not possess documents to lawfully enter the United States. Defendant admitted he presented a Permanent Resident Card previously issued to him but no longer entitled to possess. Defendant admitted knowing he needed permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security to lawfully re-enter the United States. Defendant denied applying for or receiving such permission to re-enter the United States. Defendant admitted he was going to Los Angeles, CA to reunite with his family. Defendant admitted being deported by an Immigration Judge for being convicted of an aggravated assault felony involving the use of a firearm.

Cor

**Continuation of Probable Cause Statement**
**Re: United States vs. Martin De La Rosa.**

EXECUTED ON THIS **26TH** DAY OF **JANUARY 2008** AT **10:00 AM**.

Eric M. Velazquez / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) pages, I find probable cause to believe that the defendant named therein committed the offense on **January 26, 2008** in violation of Title 8, United States Code, Section 1326.

MAGISTRATE JUDGE

1-26-08 @ 2:37 pm
DATE / TIME

TOTAL P.04